NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0102n.06

No. 14-0107

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Feb 03, 2015
DEBORAH S. HUNT, Clerk

In re: VHS OF MICHIGAN, INC., dba )
Detroit Medical Center, )
                               )           OPINION
       Petitioner. )
                               )

BEFORE: STRANCH and DONALD, Circuit Judges; ECONOMUS, District Judge.[*]

**STRANCH, Circuit Judge.** Defendant VHS of Michigan, Inc., d/b/a Detroit Medical Center (DMC), petitions for permission to appeal an order of the district court certifying a class action in an antitrust suit. DMC also moves for leave to file a reply. The plaintiffs oppose the petition and the motion. We deny DMC's petition for permission to appeal. We also deny DMC's motion for leave to file a reply because the pertinent rule does not permit the filing of a reply. Fed. R. App. P. 5(b).

We may, in our discretion, permit an appeal from an order certifying a class action. Fed. R. Civ. P. 23(f). In such appeals, we give the district court's decision to certify substantial deference and will only reverse on "a strong showing that the district court's decision was a clear abuse of discretion." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 559−60 (6th Cir. 2007) (internal quotation marks omitted); *In re Delta Air Lines*, 310 F.3d 953, 960 (6th Cir. 2002). Among other factors, we consider: (1) whether the petitioner is likely to succeed on appeal under the deferential abuse-of-discretion standard; (2) whether the cost of continuing the litigation for either party will hamper subsequent review; (3) whether the case presents a novel or unsettled

---

[*]The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

question of law; and (4) the procedural posture of the case. *In re Delta Air Lines*, 310 F.3d at 960. Our caselaw counsels against routinely taking such interlocutory appeals. *Id*. at 959. Here, DMC has not demonstrated a strong likelihood of success on appeal and no other factor strongly favors permitting the appeal.

In this case, Detroit-area nurses sued eight local hospitals in antitrust for conspiring to suppress wages; seven hospitals settled and DMC is the only remaining defendant. Plaintiffs alleged two theories of liability: (1) a per se theory that the hospitals had a wage-fixing agreement and (2) a rule of reason theory that "softened competition" resulted from the hospitals sharing compensation information. An expert for the plaintiffs provided a damages estimation but did not provide separate calculations for each theory of liability. He provided a conservative "but for" baseline calculation applicable if either of the alleged theories were proven.

The district court granted summary judgment on the per se argument but not the rule of reason argument, then certified the class on the latter theory. This court later ordered the district court to reconsider the certification order in light of *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013). Upon reconsideration, the district court analyzed and applied *Comcast*, determined that it did not call into question the court's prior decision, and then recertified the class and reinstated the prior certification opinion.

Reviewing the relationship between the damages calculation and the rule of reason theory, the district court stated that *Comcast* would apply if the plaintiffs' two initial theories of liability "would bring about a *separate and distinct* harm to the members of the Plaintiff class" and the damages calculation "reflects the *aggregation* of these distinct harms." It concluded that the plaintiffs' damages calculation did not reflect an aggregation of distinct harms because the plaintiff's evidence showed that the two theories were mutually exclusive and the damages

calculation could therefore equally represent either theory of recovery. The district court also determined that a generic damages model is permissible after *Comcast* as long as the plaintiffs prove with other evidence that the modeled damages stem from the theory of liability being pursued. The district court noted there was sufficient evidence of causation linking the rule of reason antitrust theory to plaintiffs' injury and damages, restating its conclusion from its earlier summary judgment decision. *See Cason-Merenda v. Detroit Med. Ctr.*, 862 F. Supp. 2d 603, 642 (E.D. Mich. 2012).

In its petition for permission to appeal, DMC argues that the district court's application of *Comcast* was an abuse of discretion. Relying primarily on its interpretation of *Comcast*, DMC contends that the plaintiffs have not established the link between the damages model and the rule of reason theory and that the damages from the two theories can be aggregated.

The district court correctly concluded that this case does not implicate the concerns of *Comcast*—that a defendant should not be held liable for damages not attributable to the theory of liability accepted for class-action treatment. 133 S. Ct. at 1433–34. *Comcast* applies where multiple theories of liability exist, those theories create separable anticompetitive effects, and the combined effects can result in aggregated damages. *Id*. In such cases, the plaintiff's model must measure damages attributable only to the liability theory (and resulting anticompetitive effects) accepted for class-action treatment. *Id*. Where there is no chance of aggregated damages attributable to rejected liability theories, the Supreme Court's concerns do not apply.

Here, as the district court concluded, the two theories of anticompetitive conduct—the per se wage-fixing claim and the rule of reason "softened competition" claim—were mutually exclusive. Because the expert's damages calculation applied to either theory of anticompetitive

conduct, damages were not improperly aggregated. Thus, this case does not raise the aggregated-damages concern present in *Comcast*.

Additionally, "after *Comcast* [a] class must be able to show that their damages stemmed from the defendant's actions that created the legal liability." *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 860 (6th Cir. 2013) (internal quotation marks omitted); *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 799 (7th Cir. 2013) ("*Comcast* holds that a damages suit cannot be certified to proceed as a class action unless the damages sought are the result of the class-wide injury that the suit alleges." (emphasis omitted)).

The plaintiffs' damages baseline establishes that, if plaintiffs succeed on their rule of reason theory, the harm from "softened competition" was at least equal to the expert's damages estimation. Those damages would be attributable to the "softened competition" theory, even though this general anticompetitive measure may understate the total damages from "softened competition." As noted by the district court, "it does not matter that a more 'true' measure of these damages might be different." The plaintiffs have produced sufficient evidence that the baseline "damages stem[] from the [hospitals' information sharing] that created the [softened competition]," *In re Whirlpool Corp.*, 722 F.3d at 860 (internal quotation marks omitted), and that the "softened competition" resulted in *at least* the value of the estimated damages.

DMC has not shown it is likely to succeed in making the requisite strong showing that the district court abused its discretion in determining that plaintiffs produced sufficient evidence of causation to prove that softened competition caused the modeled damages or that the damages from the separate theories are mutually exclusive. None of the other factors we consider weigh in favor of permitting the appeal. *In re Delta Air Lines*, 310 F.3d at 960. DMC has not shown that the cost of continuing litigation will hamper subsequent review. *Id*. The case does not

No. 14-0107, *In re: VHS of Michigan, Inc., dba Detroit Medical Center*,

present novel or unsettled issues, and there is nothing unusual about the procedural posture of the case to warrant interlocutory review. *Id*.

Because we conclude that the factors do not favor interlocutory review, we DENY the petition for permission to appeal.